UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TRAVE WILSON                                          CIVIL ACTION

VERSUS                                                NO: 12-2239

BURL CAIN, WARDEN                                     SECTION: R(1)

### ORDER

On September 30, 2009, Trave Wilson was convicted of second degree murder under Louisiana Law. Wilson filed this *pro se* petition for a writ of *habeas* corpus pursuant to 28 U.S.C. § 2254. The Court has reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and petitioner's objections.[1] Magistrate Judge's recommended ruling is correct. Petitioner's objections are without merit. Accordingly, the Court approves the Report and adopts it as its opinion.

Wilson rehashes the same claims addressed by the Magistrate Judge. First, he argues that "at no time did his trial counsel explain to him the consequences of a trial without a jury. He did tell him it would be best for him if he had a jury trial, but he never explained why."[2] Wilson concedes the Court advised him of his right to trial by jury but argues that he did not understand

---

[1] R. Doc. 20.

[2] R. Doc. 20 at 2.

the Court's instruction and that his waiver was not knowing, intelligent, or voluntary.[3] As the Magistrate Judge points out, the state court judge informed Wilson of his right to a jury trial, and Wilson's lawyer had advised him against a judge trial. The state court judge stated on the record that she "strongly suggest[s] [Wilson] listen to Mr. Rantz, [his] lawyer." *State v. Wilson*, 2011 WL 9159662, at *8-10 (La. Ct. App. Jan. 26, 2011). Wilson does not dispute that he was instructed by both the judge and his lawyer not to waive his right to a jury trial, and that after discussing the issue with his lawyer he again stated that he would "rather go with a Judge trial." All of the evidence, then, supports a finding that Wilson's waiver was knowing, intelligent, and voluntary.

Next, Wilson argues the state court erred by admitting the testimony of the victim's friend, Jacklyn Bell. He argues this testimony was hearsay, improper evidence of "bad acts" of the defendant, and violated his right to confrontation.[4] The Magistrate Judge was correct not to address whether the state court properly followed state evidentiary rules. As to the Confrontation Clause, the Magistrate Judge was also correct in deciding that Bell's statements were not testimonial and therefore did not implicate the Sixth Amendment. Bell's

---

[3] *Id.*

[4] R. Doc. 20 at 3.

statements recounting what the victim had told her were casual remarks and obviously were made before the crime.

Finally, Wilson's insufficient evidence claim does not meet the high standard to be successful, as the guilty verdict cannot be said to be irrational. Accordingly, the Court approves the Report and adopts it as its opinion.

Further, the Court will not issue a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that 28 U.S.C. § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented [are] 'adequate to deserve encouragement to

proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Wilson has not made a substantial showing of the denial of a constitutional right. Further, the issues would not engender debate among reasonable jurists.

Accordingly,

IT IS ORDERED that Trave Wilson's petition is DENIED and DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 15th day of May, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4